UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE MARTINEZ,<br><br>    Petitioner,<br><br>v.<br><br>JIM ROBERTSON, Warden,<br><br>    Respondent. | Case No. 21-cv-01091-YGR (PR)<br><br>**ORDER REOPENING ACTION; GRANTING *IN FORMA PAUPERIS* STATUS; AND DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE AS UNEXHAUSTED** |

## I.  MOTION TO REOPEN ACTION

This federal habeas corpus action was dismissed because petitioner failed to perfect his application to proceed *in forma pauperis* ("IFP").  Dkts. 7, 8.  He since has perfected his IFP application.  *See* Dkt. 10.

Before the Court is petitioner's motion entitled, "Motion for Extension of Time," which will be construed as a motion to reopen the instant action since he has perfected his IFP application.  Dkt. 9.  His motion is GRANTED, and the action is REOPENED.  The Court shall now review the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II.  REVIEW OF PETITION

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*,

431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B. Analysis**

In his petition, Petitioner asserts that he "did not appeal from the judgment of conviction to an intermediate or high state court." Dkt. 1 at 1. He adds that "[n]one of the stated grounds for relief have previously been presented to any state or federal court." *Id.* at 6. He claims that "[i]t was necessary to present the claims pre-exhaustion in order to comply with the federal filing deadline." *Id.*

Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.*

A fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines*[1] stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted").

It appears that petitioner has presented a fully unexhausted petition. If the claims are unexhausted, the petition must be dismissed without prejudice and may be re-filed once the claim has been exhausted. However, petitioner will be provided an opportunity to demonstrate that the claims have been exhausted or file an amended petition raising the exhausted claims.

---

[1] *Rhines v. Weber*, 544 U.S. 269 (2005).

### III.  CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's motion entitled, "Motion for Extension of Time," which has been construed as a motion to reopen the instant action, is GRANTED. Dkt. 9. The action is REOPENED. The Clerk of the Court is directed to modify the docket accordingly. The Judgment and the Order of Dismissal Without Prejudice are VACATED. Dkts. 7, 8.

2. Petitioner's motion to proceed *in forma pauperis* is GRANTED. Dkt. 10.

3. Petitioner shall show cause within **twenty-eight (28) days** of the date this Order is filed why this petition should not be dismissed without prejudice as unexhausted, or within the same time frame, he may file an amended petition raising the exhausted claims. **Failure to file a response within the designated time will result in the dismissal of this action.**

4. This Order terminates Docket Nos. 9 and 10.

IT IS SO ORDERED.

Dated: March 28, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge