UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ESPINOZA MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>JIM ROBERTSON, Warden,<br><br>Respondent. | Case No. 21-cv-01091-YGR (PR)<br><br>**ORDER DISMISSING CASE AND DENYING A CERTIFICATE OF APPEALABILITY** |

## I.   INTRODUCTION

Petitioner proceeds with a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court ordered petitioner to show cause why the case should not be dismissed as unexhausted.  Dkt. 11.  To date, petitioner has not filed a response, and the deadline for doing so has passed.

## II.   DISCUSSION

### A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*,

431 F.2d 688, 689 (1st Cir. 1970)). "[H]abeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Analysis**

Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.*

A fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines*[1] stay is only available for a mixed habeas petition where at least some claims have been exhausted, and none of [petitioner's] claims were exhausted").

It appeared that petitioner had presented a fully unexhausted petition. In his petition, petitioner asserted that he "did not appeal from the judgment of conviction to an intermediate or high state court." Dkt. 1 at 1. He added that "[n]one of the stated grounds for relief have previously been presented to any state or federal court." *Id.* at 6. Petitioner was provided an opportunity to demonstrate that the claims had been exhausted or to file an amended petition raising exhausted claims. Petitioner has not filed a response or otherwise communicated with the Court.

---

[1] *Rhines v. Weber*, 544 U.S. 269 (2005).

### III. CONCLUSION

The petition is DISMISSED without prejudice, and may be re-filed once the claims have been exhausted.

Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

The Clerk of the Court shall close the file.

IT IS SO ORDERED.

Dated: May 12, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge